UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YI FANG CHEN, individually and on behalf of her minor children M.P., Ma.P,, and P.P.,

                                 Plaintiffs,

               -against-

ZOHRAN MAMDANI, in his official capacity as Mayor of the City of New York; KAMAR H. SAMUELS, in his official capacity as Chancellor of the New York City Department of Education; and the NEW YORK CITY DEPARTMENT OF EDUCATION,

                                 Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' ANSWER TO THE COMPLAINT**

26 CV 03355 (ER)(OTW)

      Defendants Zohran Mamdani, in his official capacity as Mayor of the City of New York, Kamar H. Samuels, in his official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education, by their attorney, Steven Banks, Corporation Counsel of the City of New York, hereby answer the Complaint, upon information and belief, as follows:

      1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of the Complaint; deny the allegations set forth in the third sentence of the Complaint.

      2.  Deny the allegations set forth in paragraph "2" of the Complaint; except admit that DOE plans to assign 20% of the seats in the eight testing Specialized High Schools through the Discovery Program consistent with state law.

      3.  Deny the allegations set forth in paragraph "3" of the Complaint.

4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.   Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

6.   Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the case cited therein for a complete and accurate statement of its content.

7.   The allegations set forth in paragraph "7" of the Complaint are  contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

8.   The allegations set forth in paragraph "8" of the Complaint are contentions of law that do not require a response, but to the extent that a response is required, those allegations are denied, except admit that the Mayor and Schools Chancellor reside in the City of New York and the DOE is headquartered in the City of New York.

9.   Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that M.P. took the Specialized High School Admissions Test ("SHSAT") in the fall of 2025 and that his score was 558.

12. The allegations set forth in paragraph "12" of the Complaint are expressions of opinion that require no response, but to the extent a response is required, those allegations are denied.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit that M.P. was offered admission to Brooklyn Technical High School.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Zohran Mamdani is the Mayor of the City of New York and that plaintiff purports to proceed as set forth therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to Section 2590-H of the New York Education Law for a complete and accurate statement of the powers and duties of the Chancellor.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that the Discovery Program was last changed in 2018.

20. Deny the allegations set forth in paragraph "20" of the Complaint, and respectfully refer the Court to Art. 52-A of the New York Education Law for a complete and accurate statement of the powers and functions of the DOE, except admit that plaintiff purports to proceed as set forth therein.

21. Paragraph "21" of the Complaint is an expression of opinion that requires no response; but to the extent a response is required, admit that DOE operates nine Specialized High Schools, eight of which use the SHSAT toward determining admission, that Stuyvesant High School,

Bronx High School of Science, and Brooklyn Technical High School are the oldest and largest of the Specialized High Schools, that the Specialized High Schools strive to offer an excellent education and that many graduates of these school are offered admission to selective colleges and universities.

22. Paragraph "22" of the Complaint is an expression of opinion that requires no response; but to the extent a response is required, admit that Stuyvesant enrolls more than 3,000 students, including students from disadvantaged backgrounds, and that many students achieve academic and professional success.

23. Admit that Brooklyn Latin School, the High School of Mathematics, Science and Engineering at City College, High School of American Studies at Lehman College, Staten Island Technical High School, and Queens High School for the Sciences at York College are among the Specialized High Schools operated by DOE, as set forth in paragraph "23" of the Complaint.

24. Admit that the Fiorello H. LaGuardia High School of Music and the Performing Arts is among the Specialized High Schools operated by the DOE and that plaintiff does not purport to challenge its admissions process, as set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except respectfully refer the Court to the website link cited therein for a true and accurate statement of its content.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except respectfully refer the Court to the website link cited therein for a true and accurate statement of its content.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except respectfully refer the Court to the Demographic Snapshot referenced therein for a true and accurate statement of its content.

28. The allegations set forth in paragraph "28" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied and the Court is respectfully referred to the Hecht-Calandra Act for a full and accurate statement of its contents.

29. The allegations set forth in paragraph "29" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied and the Court is respectfully referred to the Hecht-Calandra Act for a full and accurate statement of its contents.

30. Deny the allegations set forth in paragraph "30"of the Complaint, except admit that offers to the testing Specialized High Schools are made in descending order of SHSAT score, combined with each student's preferences listed on their SHSAT registration, as follows:  the student with the highest SHSAT score receives an offer to their first choice school. The student with the next highest SHSAT score receives an offer to their first choice school. This continues student by student in downward score order until a student's first-choice school does not have any remaining seats. That student is then considered for their second-choice school. If there are remaining seats at the second-choice school, that student receives an offer there. If the second-choice school has no remining seats, that student is considered for their third-choice school, and so on. This continues until all seats at all Specialized High Schools have been filled.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that the lowest qualifying SHSAT score for admission to each testing Specialized High School each year may be referred to as that school's "cutoff" score.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that for ninth-grade admission for the 2026-2027 school year, the lowest qualifying SHSAT score for

Stuyvesant High School ("Stuyvesant") was 561, that the lowest qualifying SHSAT score for The Brooklyn Latin School's ("Brooklyn Latin") was 495, which was the lowest cutoff of all the testing specialized high schools, and that the lowest qualifying scores may change from year to year.

33. The allegations set forth in paragraph "33" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied and the Court is respectfully referred to the Hecht-Calandra Act for a full and accurate statement of its contents.

34. Deny the allegations set forth in paragraph "34"of the Complaint.

35. The allegations set forth in paragraph "35" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied and the Court is respectfully referred to the Hecht-Calandra Act for a full and accurate statement of its contents.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except respectfully refer the Court to the Hecht-Calandra Act for a full and accurate statement of its contents, and admit that the Hecht-Calandra Act does not set limits on the size of the Discovery Program, and that Stuyvesant increased the size of its Discovery Program as a result of the changes announced in 2018

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that any student who scored a 495 or above was not eligible for the Discovery Program for admission for the 2026-2027 school year.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that 58.6% of students approved to participate in the Summer 2016 Discovery Program identified as Asian,

67.9% approved to participate in the Summer 2017 Discovery Program identified as Asian, and 61.9% approved to participate in Summer 2018 identified as Asian.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that in 2018 changes were made to the Discovery Program, including an expansion to 20% of each testing Specialized High School's seats, and respectfully refer the Court to the public statements of former Mayor de Blasio and former Schools Chancellor Carranza for a true and complete recitation of their contents.

41. Deny the truth of the allegations set forth in paragraph "41" of the Complaint, except admit that if a student attends a New York City district or charter middle school, that school must have an Economic Need Index of 60% or higher to be eligible for the Discovery Program for ninth grade admission.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that a school's ENI is a metric used to estimate the average level of economic need among its student population. It is the average of the "Economic Need Values" (ENV) of all students attending that school, which are based on factors such as eligibility for public assistance, living in temporary housing, and census-tract poverty data. Each student's ENV, and thus each school's ENI, falls between 0.0 and 1.0 (0% and 100%).

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that as a result of changes to the Discovery Program eligibility criteria, an eighth-grader attending a school with an ENI below the 0.6 threshold might not be eligible for the Discovery Program, even if the student's family demonstrates indicators of economic need

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that M.P.'s middle school currently has an ENI below the 0.6 threshold.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit the 2018 changes to the Discovery Program have remained in place.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Defendants stated that they expected the Discovery Plan to increase enrollment of African-American and Latino students from approximately 9% to approximately 16% and respectfully refer the Court to the statements of former Mayor de Blasio and former Chancellor Carranza for a true and complete statement if its contents.

47. The allegations set forth in paragraph "47" of the Complaint are arguments and contentions that do not require a response, but to the extent that a response is required, those allegations are denied.

48. The allegations set forth in paragraph "48" of the Complaint are arguments and contentions that do not require a response, but to the extent that a response is required, those allegations are denied, and Defendants expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students.

49. Deny the allegations set forth in paragraph "49" of the Complaint and expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students.

50. Deny the allegations set forth in paragraph "50" of the Complaint, expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students or to racially balance the Specialized High Schools.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint and respectfully refer the Court to the statements of former Mayor de Blasio for a true and complete statement if their contents.

53. Deny the allegations set forth in paragraph "53" of the Complaint and respectfully refer the Court to the cited tweet of former Mayor de Blasio for a true and complete statement if its content.

54. Deny the allegations set forth in paragraph "54" of the Complaint and respectfully refer the Court to the statement of Chancellor Carranza for a true and complete statement if its content.

55. Deny the allegations set forth in paragraph "55" of the Complaint and respectfully refer the Court to the press release for a true and complete statement of its content.

56. Deny the allegations set forth in paragraph "56" of the Complaint and respectfully refer the Court to the press release for a true and complete statement of its content.

57. Deny the allegations set forth in paragraph "57" of the Complaint, expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students, and respectfully refer the Court to the press release for a true and complete statement of its content.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint and respectfully refer the Court to the referenced document for a true and complete statement if its content.

60. Deny the allegations set forth in paragraph "60" of the Complaint, expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students or to racially balance the Specialized High Schools, and respectfully refer the Court to the referenced document for a true and complete statement of its content.

61. Deny the allegations set forth in paragraph "61" of the Complaint, expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students or to racially balance the Specialized High Schools, and respectfully refer the Court to the referenced document for a true and complete statement of its content.

62. Deny the allegations set forth in paragraph "61" of the Complaint, expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students or to racially balance the Specialized High Schools, and respectfully refer the Court to the referenced document for a true and complete statement of its content.

63. Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the cited email for a true and correct statement of its content.

64. Deny the allegations set forth in paragraph "64" of the Complaint, and respectfully refer the Court to the document referenced therein for a true and complete statement if its content.

65. Deny the allegations set forth in paragraph "65" of the Complaint, expressly deny the allegations that the challenged policy was designed to discriminate against Asian-American students or to racially balance the Specialized High Schools, and respectfully refer the Court to the referenced document for a true and complete statement of its content.

66. The allegation set forth in paragraph "66" of the Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, the allegation is denied.

67. The allegations set forth in paragraph "67" of the Complaint are arguments and contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

68. The allegations set forth in paragraph "68" of the Complaint are arguments and contentions that do not require a response, but to the extent a response is required, those allegations are denied.

69. The allegations set forth in paragraph "69" of the Complaint are arguments and contentions that do not require a response, but to the extent a response is required, those allegations are denied.

70. The allegations set forth in paragraph "70" of the Complaint are arguments and contentions that do not require a response, but to the extent a response is required, those allegations are denied.

71. In response to paragraph "71" of the Complaint, Defendants hereby re-allege each and every response contained in Paragraphs "1" through "70" above as though set forth herein.

72. The allegations set forth in paragraph "72" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied and the Court is respectfully referred to the Fourteenth Amendment of the United States Constitution for a full and accurate statement of its content.

73. The allegation set forth in paragraph "73" of the Complaint is a contention of law that does not require a response, but to the extent a response is required, that allegation is denied.

74. The allegations set forth in paragraph "74" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

75. Deny the allegations set forth in paragraph "75" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students or to racially balance the Specialized High Schools.

76. Deny the allegations set forth in paragraph "76" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students or to racially balance the Specialized High Schools.

77. Deny the allegations set forth in paragraph "77" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students.

78. The allegations set forth in paragraph "78" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

79. The allegations set forth in paragraph "79" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

80. The allegations set forth in paragraph "80" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students.

81. The allegations set forth in paragraph "81" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

82. The allegations set forth in paragraph "82" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

83. Deny the allegations set forth in paragraph "83" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students or to racially balance the Specialized High Schools.

84. Deny the allegations set forth in paragraph "84" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. In response to paragraph "86" of the Complaint, Defendants hereby re-allege each and every response contained in Paragraphs "1" through "85" above as though set forth herein.

87. The allegations set forth in paragraph "87" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

88. The allegations set forth in paragraph "88" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

89. The allegations set forth in paragraph "89" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

90. Deny the allegations set forth in paragraph "90" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students or to racially balance the Specialized High Schools.

91. The allegations set forth in paragraph "91" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

92. Deny the allegations set forth in paragraph "92" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students or that race was a motivating factor in adopting the policy.

93. Deny the allegations set forth in paragraph "93" of the Complaint, and specifically deny that the challenged admissions policy is devised to discriminate against Asian-American students or to target middle schools with substantial Asian-American populations or to racially balance the Specialized High Schools.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

97. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

98. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

99. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

100. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

101. This action is barred in whole or in part by the doctrines of res judicata and or collateral estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

102. The individual plaintiffs Ma.P and P.P lack standing to bring this action and the Court therefore lacks jurisdiction over this case.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

103. No equitable relief, either preliminary or permanent, should be awarded.

**WHEREFORE,** Defendants request judgment dismissing the complaint in its entirety, and denying all relief requested therein, together with such other costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 17, 2026

                                        STEVEN BANKS
                                        Corporation Counsel of the
                                           City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-192
                                        New York, New York 10007
                                        (212) 356-1983


                                        By:            /s/
                                               Tonya Jenerette
                                               Assistant Corporation Counsel

- 15 -